UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JAMES LENNIE CUTTING, JR.,       )
                                 )
    *Plaintiff*              )
                                 )
v.                               )   Civil No. 09-423-P-S
                                 )
MICHAEL J. ASTRUE,               )
**Commissioner of Social Security,** )
                                 )
    *Defendant*              )

# REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises a single issue: whether the administrative law judge was required to specify the frequency of the sit/stand option he included in the plaintiff's residual functional capacity. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from an abdominal schwanoma, an impairment that was severe but did not meet or equal the criteria of any of the impairments included in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 14-15; that he had the residual functional capacity to perform sedentary work and

---

[1] This action is properly brought under 42 U.S.C. § 1383(c). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 16, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

was able to lift and carry 10 pounds occasionally, perform skilled work, and climb, balance, stoop, kneel, crouch, and crawl occasionally, but required a sit/stand option and had to avoid constant forceful pushing or pulling of foot controls, extreme cold, vibration, and uneven or physically demanding terrain, Finding 4, *id.* at 15; that he was unable to perform any past relevant work, Finding 5, *id.* at 19; that, given his age (33 on the date the application was filed), at least high school education, work experience, and residual functional capacity, use of the Medical-Vocational Rules of Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making supports the finding that there were jobs that existed in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id.*; and that he, therefore, had not been under a disability as that term is defined in the Social Security Act at any time since the application was filed on February 11, 2008, Finding 10, *id.* at 20. The Decision Review Board failed to complete its review of the decision in the time allowed, *id.* at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 405.420(a)(2).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137,

146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual functional capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

**Discussion**

The plaintiff observes that the vocational expert testified that, in order to be able to perform his past jobs, the plaintiff would require the option to sit or stand "as needed" or "as necessary," but that he did not testify about the frequency of the option with respect to the jobs that he found the plaintiff able to perform. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 6) at 2. He cites Social Security Ruling 96-9p and this court's decision in *Wasilauskis v. Astrue*, Civil No. 08-284-B-W, 2009 WL 861492 (D. Me. Mar. 30, 2009), as requiring that, whenever a sit/stand option is included in a residual functional capacity, its specific frequency must be stated, without exception. *Id*.

In *Wasilauskis*, the failure of the administrative law judge to specify in his hypothetical question to the vocational expert the frequency of the need to alternate sitting and standing "undercut" his reliance on the single job the evidence otherwise established was available to the plaintiff. 2009 WL 861492 at *5. I noted in that recommended decision that "SSR 96-9p requires that the frequency of the need to sit and stand be specified." *Id*. That Ruling provides as follows, with respect to a need to alternate sitting and standing when a claimant has been assigned a capacity for sedentary work:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing

> and the length of time needed to stand. The RFC [Residual Functional Capacity] assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2009), at 158.

Contrary to the plaintiff's assertion, Itemized Statement at 2 n.1, neither the Ruling nor my recommended decision preclude the use of a term describing the alternating of sitting and standing at will, rather than at specific intervals of elapsed time. This distinction is crucial in this case, given the nature of the vocational expert's testimony.

The administrative law judge asked the vocational expert only one hypothetical question:

> A younger individual, capable of sedentary work with the past relevant work experience of this particular claimant with must avoid constant forceful use of foot controls with occasional ability, meaning up to one-third of the workday[,] can climb, balance, stoop, kneel, crouch, and crawl. Must avoid extreme cold, vibration, and uneven and/or physically demanding terrain.

Record at 52. Immediately thereafter, the administrative law judge asked: "Based on that hypothetical is there any past relevant work available?" *Id*. When the vocational expert said that two such jobs would be available, the administrative law judge then asked: "Based on that hypothetical, in terms of the computer tech support position . . . is the person able to get up and walk around with the sit/stand option . . .?" *Id*. at 53. The vocational expert replied: "The job does allow sit/stand option as needed, as long as the person is in close proximity to the fixed work station. . . . [T]he job does allow for a change of position as . . . necessary." *Id*.

The administrative law judge then asked: "Are there any jobs within that hypothetical that don't require a fixed workstation? It gives more freedom to get up and walk around?" And

4

the vocational expert replied: "Yes, sir. An example that would allow for movement in the workplace while remaining in the sedentary classification would be document preparer." *Id*. After the vocational expert testified about the details of that job, he added that he had "another example if the Court would like[,]" and identified the job of addresser as "sedentary, sit/stand option[.]" *Id*. at 53-54.

Document preparer and addresser are the two jobs specified in the administrative law judge's opinion as being available to the plaintiff, consistent with his "specialized need for a workstation that is not fixed." *Id*. at 20. The question as I see it, therefore, is not whether, as the plaintiff would have it, Itemized Statement at 3, the decision "relies on flawed vocational testimony[,]" but rather whether the sit/stand option was sufficiently defined to serve the purpose of Ruling 96-9p's language. In this case, I conclude that it was. Unlike the plaintiff, I do not see the need, when a sit/stand option is involved, to force an administrative law judge to choose a specific interval of time for sitting and/or standing, when there is no medical evidence cast in such terms,[2] when the need is found to be for sitting and standing *at will*, and when the vocational expert testifies that a specific job is available under those terms. This case presents the critical information that was missing in *Wasilauskis*: that the plaintiff needed to alternate sitting and standing at will.

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

*NOTICE*

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for***

---

[2] At oral argument, counsel for the plaintiff was unable to identify any medical evidence in the record specifying an interval for the sit/stand option.

*which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 23rd day of June, 2010.

                                            /s/ John H. Rich III
                                            John H. Rich III
                                            United States Magistrate Judge